[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15486
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 19, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-20280-CV-CMA
02-20786-CR-CMA

JOSEPH WILLIAMS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(September 19, 2008)**

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Joseph Williams, a federal prisoner proceeding pro se, appeals the denial of his motion to vacate his sentence, filed pursuant to 28 U.S.C. § 2255. We granted a certificate of appealability on the limited issue of:

> Whether the district court erred in denying Williams's claim that counsel was ineffective for failing to timely advise the court that a defense witness had been threatened and intimidated by the government.

On appeal, Williams argues under Strickland v. Washington, 466 U.S. 668 (1984), that his counsel committed unprofessional errors by failing to timely inform the trial court of alleged intimidation of a defense witness, which denied him his Sixth Amendment right to call witnesses in his own defense, and that these errors resulted in prejudice to his case. After careful review, we affirm.

We review an ineffective assistance of counsel claim de novo. Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc). When a convicted defendant claims that his counsel's assistance was ineffective, the defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." Putman v. Head, 268 F.3d 1223, 1243 (11th Cir. 2001). Courts must be highly deferential in reviewing counsel's performance, and indulge the strong presumption that counsel's

performance was reasonable. Chandler, 218 F.3d at 1314. "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315. Accordingly, counsel is not incompetent so long as the particular approach taken "might be considered sound trial strategy." Id. at 1314 (quotation omitted). Under the prejudice prong, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In the direct appeal context, we have stated that "a criminal defendant has a constitutional right to 'present his own witnesses to establish a defense.'" United States v. Terzado-Madruga, 897 F.2d 1099, 1108 (11th Cir. 1990) (citations omitted). "Threats against witnesses are intolerable. Substantial government interference with a defense witness' free and unhampered choice to testify violates due process rights of the defendant." United States v. Goodwin, 625 F.2d 693, 703 (5th Cir. 1980).[1] "If such a due process violation occurs, the court must reverse without regard to prejudice to the defendants." Id. In a case involving a motion for a new trial based

_____

[1] See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit announced prior to October 1, 1981).

on witness intimidation, this Court explained that, "[w]here defendants present evidence to the district court that the government intimidated a defense witness[,] a trial court <u>must grant a hearing to determine whether the allegations of intimidation are true</u>. If the witness did not testify, and the allegations of intimidation are true, no prejudice need be shown." <u>United States v. Schlei</u>, 122 F.3d 944, 992 (11th Cir. 1997) (emphases added); <u>Goodwin</u>, 625 F.2d at 703 ("On this appeal we now face unresolved claims of government intimidation of defense witnesses. If we were not reversing the convictions on other grounds, we would be required to remand to the district court for findings on the validity of these claims. And if proven such violations of due process would require automatic reversal.").

In the habeas context, however, prejudice can only be presumed under <u>Strickland</u> in three exceptional circumstances: "actual or constructive denial of counsel altogether, certain types of state interference with counsel's assistance, and conflicts of interest." <u>Purvis v. Crosby</u>, 451 F.3d 734, 741 (11th Cir. 2006). Because these three circumstances are not at issue in this appeal, which involves government intimidation of witnesses, prejudice cannot be presumed. Even Williams does not argue to the contrary.

Here, the government appears to have conceded the performance prong of the <u>Strickland</u> test, admitting that Williams's counsel "probably [made] a professional

4

error" when he failed to advise the court during or shortly after Williams's trial that a potential witness, Nathaniel Blash, had failed to appear as a witness pursuant to a court-issued subpoena and that alleged witness intimidation had occurred. Indeed, the trial court found in ruling on the motion for a new trial that Williams's counsel had in fact been informed of the alleged witness intimidation before and during the trial. Given how seriously we treat allegations of government intimidation of witnesses, Goodwin, 625 F.2d at 703; Schlei, 122 F.3d at 992, and the lack of any sound trial strategy justifying counsel's failure to alert the court of such allegations in a timely manner, we agree that "no competent counsel would have taken the action that his counsel did take." Chandler, 218 F.3d at 1315. We therefore hold that Williams's counsel performed deficiently by failing to raise the issue to the court during or shortly after the trial.[2]

Turning to the prejudice prong, Williams argues that, had his attorney performed properly, the results of his trial proceedings would have been different, in that: (1) if the allegation had been raised at the pre-trial stage, Blash's testimony would not have been "cumulative," as it was later considered to be by the trial court;

---

[2] That being said, we reject Williams's argument that it was error for trial counsel not to have informed the trial court of intimidation prior to the trial. See Goodwin, 625 F.2d at 703 (holding that the "normal time" to dispose of allegations of witness intimidation is at the trial and, generally, requests for pre-trial hearings regarding misconduct have been denied).

(2) the trial court would have heard from three different witnesses claiming that police officers had intimidated them, which, if taken as true, would have resulted in a "host of sanctions;" and (3) Blash's testimony was not cumulative because, unlike the other witnesses, Blash was speaking to Williams at the relevant time and would have "corroborated the testimony of a missing witness, . . . Officer Prospere, who'd also indicated that he did not observe Williams in possession of any black bag." Williams also argues that the prosecution, at trial, drew attention to Blash's absence on the witness stand, by asking, "What happen[ed] to this mystery man?"

Despite these assertions, we do not agree "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. As an initial matter, we cannot find any prejudice resulting from trial counsel's failure to inform the trial court during pre-trial proceedings, since trial counsel cannot be said to have erred in failing to do so. See supra note 3. Likewise, we agree with the district court that no prejudice resulted from trial counsel's failure to inform the trial court of Blash's alleged intimidation during or shortly after the trial, since Blash's testimony would have been cumulative to that of the other witnesses. Specifically, Blash's testimony that he had not seen any drugs in Williams's possession before his arrest would have been the same as testimony presented by five other defense witnesses, and indeed, one of the testifying

witnesses was in a similar position to observe Williams as Blash was when Williams allegedly dropped the bag of drugs to the ground. In addition, Blash's testimony that he was threatened by the police not to testify against Williams would have been the same as testimony presented by two other defense witnesses. In light of this record, Williams has not established that there is a reasonable probability that Blash's testimony would have led to different result at his trial, given that the trial court and jury had heard, and not been persuaded by, similar testimony from several of the defense's other witnesses. Cf. Van Poyck v. Florida Dep't of Corrections, 290 F.3d 1318, 1324 n.7 (11th Cir. 2002) ("A petitioner cannot establish ineffective assistance by identifying additional evidence that could have been presented when that evidence is merely cumulative."). Moreover, the evidence of Williams's guilt presented at trial was overwhelming -- he was observed leaving two different apartments, each of which contained identity documents with Williams's name on them and each of which contained cocaine and marijuana packaged in exactly the same manner as the drugs in the bag Williams allegedly dropped prior to his arrest. Accordingly, the district court did not err in denying Williams's § 2255 motion on the ground that he has not satisfied Strickland's prejudice prong.

**AFFIRMED.**